USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

G&G CLOSED CIRCUIT EVENTS, LLC,

                Plaintiff,

v.

MANUEL SANCHEZ TORRES, *individually and d/b/a* MI LUGAR RESTAURANT *d/b/a* EL REY DEL TACO *a/k/a* LA ESQUINITA; and MI LUGAR RESTAURANT CORP., *an unknown business entity d/b/a* MI LUGAR RESTAURANT *d/b/a* EL REY DEL TACO *a/k/a* LA ESQUINITA,

                Defendants.

No. 20-CV-3487 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff G&G Closed Circuit Events, LLC brought this action under the Communications Act of 1934, 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, alleging that Defendants exhibited a boxing match at their New Rochelle, New York restaurant in violation of Plaintiff's exclusive license. On January 12, 2021, the Court granted Plaintiff's motion for a default judgment. Now before the Court is Plaintiff's motion for attorneys' fees and costs. For the reasons that follow, the motion is granted with modifications.

## BACKGROUND

Plaintiff initiated this action on May 5, 2020. On July 27, the Clerk of Court entered certificates of default against both Defendants. Dkt. 17, 18. Plaintiffs subsequently moved for a default judgment, which the Court granted. On January 12, 2021, the Court entered judgment in

the amount of $10,800 in statutory damages. Dkt. 34. On January 20, 2021, Plaintiff filed the instant motion, seeking attorneys' fees and costs totaling $3,233.00. *See* Dkt. 37 ("Pl. Mot.") at 4.

## DISCUSSION

Under the Communications Act of 1934, "the court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(b)(iii). Accordingly, the default judgment entitles Plaintiff to an award of fees and costs.

The Supreme Court has instructed courts to determine the initial fee award by multiplying a reasonable hourly rate by the reasonable hours expended. *See, e.g., Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Id.* To determine the reasonableness of the hourly rate, the Second Circuit has urged district courts to consider the following factors:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Decastro v. City of New York*, No. 16-CV-3850 (RA), 2017 WL 4386372, at *3 (S.D.N.Y. Sept. 30, 2017) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Plaintiff argues that lead counsel Robert Hunter is entitled to a rate of $350.00 per hour based on his "experience and expertise in the field of piracy." Pl. Mot. at 2. Hunter has nearly

2

thirty years of experience in the field. *See* Dkt. 38, Declaration of Robert B. Hunter ("Hunter Decl.") ¶ 2. The Court finds that the proposed hourly rate of $350 is reasonable for Hunter, who avers that his firm routinely bills at that rate. *Id*. ¶ 5. Considering the range of awards granted in similar cases within the Second Circuit, the Court finds that an hourly rate of $350 is appropriate for an attorney of Hunter's substantial experience. *See, e.g., G&G Closed Cir. Events, LLC v. Batista,* No. 20 CIV. 5073 (NRB), 2021 WL 293150, at *3 (S.D.N.Y. Jan. 28, 2021) (awarding attorneys' fees at the same rate to Hunter in anti-piracy case). The requested rate of $100 per hour for paralegal services similarly accords with prior awards in comparable cases. *See id.*

Plaintiff seeks attorneys' fees for a total of 11.65 hours worked on the underlying litigation. *See* Hunter Decl., Ex. 1. "The party seeking fees bears 'the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Shabazz v. City of New York,* No. 14-cv-6417-GHW, 2015 WL 7779267, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *Savoie v. Merch. Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (other internal quotation marks omitted)). In this Circuit, a party seeking to recover attorneys' fees generally must submit contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983); *see, e.g., Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015). Courts nevertheless routinely grant fee awards "'[w]here the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity.'" *J&J Sports Prods., Inc. v. Doe*, No. 06 CIV. 1695 (JGK) (HBP), 2008 WL 2965250, at *6 (S.D.N.Y. Aug. 1, 2008) (quoting *Lenihan v. City of New York,* 640 F. Supp. 822, 824 (S.D.N.Y. 1986)). Here, Plaintiff has provided billing records that were "reconstructed via review of the files themselves." Pl. Mot.

3

at 2; Hunter Decl. ¶ 6. Because these records are sufficiently detailed to allow the Court to review the reasonableness of the hours expended, the Court will grant attorneys' fees in spite of Plaintiff's failure to provide contemporaneous records. *See Batista,* 2021 WL 293150, at *3 (granting award of attorneys' fees based on similarly reconstructed billing records).

Nonetheless, "[a] plaintiff is only to be compensated for 'hours reasonably expended on the litigation,' and not for hours 'that are excessive, redundant, or otherwise unnecessary.'" *Charles v. City of New York*, No. 13-CV-3547 (PAE), 2014 WL 4384155, at *5 (S.D.N.Y. Sept. 4, 2014) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)). Upon finding a surplusage of hours, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted). In determining whether to exclude requested hours, the relevant issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992).

The Court finds that some of the hours invoiced by Plaintiff's counsel are excessive. The reconstructed billing records contain several entries for review of rudimentary scheduling orders issued by the Court, including 30 minutes of Hunter's time to review the four-sentence docket entry that assigned the case to this Court. The Court thus finds that a 10% reduction of Plaintiff's proposed hours is proper. Other courts within this district have assessed such a modest deduction where, as here, "the majority of the attorneys' time appears to be well-documented and accounted for in detail." *TufAmerica Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2016 WL 1029553, at *4 (S.D.N.Y. Mar. 9, 2016); *see also Garcia-Severino v. TDL Restoration, Inc.,* No. 18-CV-11401

(CS), 2020 WL 7239678, at *6 (S.D.N.Y. Dec. 9, 2020). A 10% reduction results in an award of attorneys' fees based on 10.49 hours.

Lastly, Plaintiff seeks to recover costs associated with hiring an investigator, service of process, and filing the complaint. With respect to investigative costs, Plaintiff has submitted what appears to be a redacted invoice for Omni Present Investigations. Hunter Decl. Ex. 2. The invoice contains a single charge $650 for the investigation into La Esquinita, Defendants' restaurant, and was billed to the Law Offices of Thomas P. Riley, P.C. rather than Plaintiff's counsel. *See id.* Plaintiff has also submitted a declaration averring that the "fee for the auditor's investigation in this case is [] reasonable" in light of counsel's "experience in handling anti-piracy cases." *Id.* ¶ 9. The Court finds that Plaintiff has not met its burden of establishing entitlement to an award of investigative fees. As an initial matter, as recognized by other Courts in this district, "it is not clear that investigative costs may be awarded in this context [as] neither 28 U.S.C. § 1920 nor 47 U.S.C. § 605(e)(3)(B)(iii) expressly provides for the award of investigative fees and courts in this jurisdiction have declined to award investigative fees in similar circumstances." *J&J Sports Prods., Inc.,* 2008 WL 2965250, at *6 (citing cases); *see also G&G Closed Cir. Events, LLC v. Llanos*, No. 20-CV-7388 (KMK), 2021 WL 1581079, at *2 (S.D.N.Y. Apr. 22, 2021) ("Courts are split on whether 47 U.S.C. § 605 permits recovery for investigative costs").

The Court need not weigh in on that debate, however, as Plaintiff has failed to adequately demonstrate that the investigative costs incurred were reasonable under the circumstances, as required by "47 U.S.C. § 605(e)(3)(B) (iii)'s provision for 'full costs.'" *Id.* The redacted invoice provides no details about the nature of the work performed by the investigator, the time expended in carrying out those tasks, or the investigator's qualifications. Consequently, the Court is unable to determine whether $650 is a reasonable cost. Plaintiff's request for investigative fees is

therefore denied on the basis of insufficient documentation, *see Llanos,* 2021 WL 1581079, at *2, albeit without prejudice.  Plaintiff is, however, awarded costs for service of process, for which it has provided invoices, *see* Hunter Decl. Ex. 3, as well as filing fees.  A prevailing party is "plainly entitled" to such an award.  *Kingvision Pay-Per-View Ltd. v. Cardona*, No. 03 CIV.3839 GBD FM, 2004 WL 1490224, at *4 (S.D.N.Y. June 30, 2004).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted, subject to the modifications discussed above.

|  | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| Robert Hunter | $350 | 3.69 | $1,291.50 |
| Paralegal | $100 | 6.8 | $680.00 |
| Costs | — | — | $591.52 |
|  |  | 10.49 | **$2,563.02** |

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 36.

SO ORDERED.

Dated: July 8, 2021
        New York, New York

Ronnie Abrams
United States District Judge